# United States District Court
# Central District of California

| | |
|---|---|
| IN THE MATTER OF PAMELA ROSE HOLDINGS, LLC AS OWNER OF THE VESSEL PAMELA ROSE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>_____<br>AND ALL RELATED CLAIMS | Case No. 2:18-cv-03257-ODW (SSx)<br><br>**ORDER GRANTING PLAINTIFF-IN-LIMITATION'S MOTION TO STRIKE CLAIMANT'S JURY DEMANDS [57]** |

## I.    INTRODUCTION

Plaintiff-in-Limitation Pamela Rose Holdings, LLC's ("Plaintiff-in-Limitation") moves to strike Claimants Jose Lopez, Rosa Salmeron, and Anthony Castania's (collectively, "Claimants") demand for a jury trial. (Mot. to Strike Jury Demands ("Mot."), ECF No. 57.) For the following reasons, Plaintiff-In-Limitation's Motion is **GRANTED**.[1]

## II.    FACTUAL BACKGROUND

The Court previously discussed the factual and procedural background of this case at length and incorporates that discussion herein by reference. (*See* Order Granting Mot. for Default J. 1–3, ECF No. 62.) Plaintiff-in-Limitation filed a timely

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

action for exoneration from or limitation of liability pursuant to the Shipowner's Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30510, *et seq.* (*See* Compl., ECF No. 1.) In response to this action, Claimants filed claims through their Answers and Amended Answers to the Complaint, which included demands for a jury trial. (*See* Anthony Castania Answer, ECF No. 22; Jose Lopez Am. Answer, ECF No. 35; Rosa Salmeron Am. Answer, ECF No. 36.) On November 26, 2018, Plaintiff-in-Limitation moved to strike Claimants' jury demands on the grounds that Claimants have no right to a jury trial in a limitation of liability action. (Mot. 2.) On December 14, 2018, Claimant Salmeron filed a Notice of Non-Opposition. (ECF No. 59.) On December 17, 2018, Claimant Lopez also filed a Notice of Non-Opposition. (ECF No. 60.) Claimant Castania did not file an opposition or a notice of non-opposition.

### III.    LEGAL STANDARD

"The Federal Rules of Civil Procedure preserve a party's right to demand a jury trial if such right stems from the Seventh Amendment or a federal statute." *Craig v. Atl. Richfield Co.*, 19 F.3d 472, 475 (9th Cir. 1994); *see* Fed. R. Civ. P. 38(a). A party may demand a jury trial directed to "any issue triable of right by a jury" by serving a written demand on other parties "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). An improper jury demand may be stricken on motion of any other party or on the court's own initiative. Fed. R. Civ. P. 39(a). A jury demand is improper if the issues involved in the demand do not carry a federal right to a jury trial. Fed. R. Civ. P. 39(a)(2).

### IV.    DISCUSSION

The question before the Court is whether Claimants are entitled to a jury trial while pursuing their claims under the Limitation Act. Plaintiff-in-Limitation asserts that Claimants are not entitled to constitutional or statutory jury trial rights while pursuing their claims under the Limitation Act, even if Claimants allege Jones Act negligence. (Mot. 5.)

As an initial matter, a shipowner may invoke federal jurisdiction under the Limitation Act by petitioning to limit its liability for damages resulting from an employee's injury or death during the course of his employment. 46 U.S.C. § 30511; *Esta Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 236 (9th Cir. 1989). An action in limitation involves a "proceeding in admiralty for vessel owners that permits them to limit their liability (if any) to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge." *Ross Island Sand & Gravel v. Matson*, 226 F.3d 1015, 1017 (9th Cir. 2000); *see also* 46 U.S.C. § 30505(b). The purpose of a limitation action is to allow courts to: (1) "limit the owner's liability . . . [and] (2) if the claims . . . exceed the limitation fund, then the court must provide for the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983) (internal quotation marks and citations omitted). The Seventh Amendment only grants the right to a jury trial at common law and "does not apply to suits that invoke only a federal court's admiralty jurisdiction." *Craig*, 19 F.3d at 475 (citing *Waring v. Clarke*, 46 U.S. (4 How.) 441, 460 (1847)). Accordingly, claims pursuant to the Limitation Act do not carry constitutional jury trial rights.

However, jury trial rights may be also conferred through a federal statute, such as the Jones Act. *Craig*, 19 F.3d at 475; *see* Fed. R. Civ. P. 38(a). The Jones Act permits seamen injured or killed during the course of their employment to bring a civil action at law, with jury trial rights, against their employers. 46 U.S.C. § 30104; *see also Craig*, 19 F.3d at 475. Nonetheless, the Limitation Act "precludes the simultaneous trial of a limitation action and a Jones Act action[] by providing explicitly that actions other than the limitation-of-liability action must 'cease.'" *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 450 (4th Cir. 1999) (citing 46 U.S.C. § 30511(c)). Limitation proceedings are "conducted before a court in admiralty without a jury . . . [and] all claims are marshaled and brought into one action—establishing a 'concursus' of all claims." *Id.* at 449; *see Lewis v. Lewis & Clark*

*Marine, Inc.*, 531 U.S. 438, 448 (2001) (stating that in limitation proceedings, courts secure the value of the vessel, marshal claims, and enjoin "the prosecution of other actions with respect to the claims"). Accordingly, "insofar as claimants proceed in a limitation-of-liability action, they are not entitled to a trial by jury, even if the basis of their claim for fault is made under the Jones Act." *Pickle*, 174 F.3d at 450.

The Ninth Circuit has created two exceptions that allow for a jury trial in a limitation action. *See Newton*, 718 F.2d at 962. "First, if the limitation fund exceeds the value of all claims, pro rata distribution is not necessary, and the district court must permit claimants to pursue their separate claims at law and to exercise their right to a jury." *Id.* (citing *Lake Tanker's Corp. v. Henn*, 354 U.S. 147, 152 (1957)). "Second, when only one claim has been filed and nothing appears to suggest the possibility of another claim, the district court similarly must . . . permit the single claimant to pursue a separation action and a jury trial." *Newton*, 718 F.2d at 962 (internal quotation marks and citations omitted).

Here, neither exception applies. First, Plaintiff-in-Limitation's Complaint asserts that "the estimate fair market value of the [vessel] and her appurtenances [does] not exceed [$750,000]." (Compl. ¶ 9.) Claimant Lopez alone asserts that his damages may exceed the limitation fund. (Jose Lopez Am. Answer 16–17.) Claimant Castania alleges compensatory damages in excess of $1,000,000.00. (Anthony Castania Answer 7, 12). Further, although not specifically mentioned, given the nature of her claims, Claimant Salmeron's damages will also likely exceed the limitation fund of $750,000. (*See* Rosa Salmeron Am. Answer 12–13.) Consequently, because the limitation fund will not likely exceed the value of all claims, the first exception does not apply. Second, because Claimants have asserted more than one claim, the second exception does not apply.

Plaintiff-in-Limitation filed a timely action pursuant to the Limitation Act. (*See* Mot.; Compl.) Consequently, all of Claimants' actions must be brought into one

4

admiralty action-in-limitation. Accordingly, Claimants have no constitutional or statutory right to a jury trial.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff-in-Limitation's Motion to Strike Claimants' Jury Demand is **GRANTED**. The Court also issues a modified scheduling and case management order concurrently to reflect a bench trial; all relevant dates and deadlines remain the same.

February 28, 2019

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**